TAZEWELL SERVICE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32707. Promulgated March 31, 1953.

*C. C. Chapelle, Esq.*, for the petitioner.
*Paul Levin, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* The question presented for determination in this proceeding is whether the petitioner is entitled under section 26 (b) (1) of the Internal Revenue Code to an 85 per cent dividends received credit for a payment it received from the Illinois Farm Supply Company on October 1, 1947. The facts are fully set forth in our findings and need not be restated here. The pertinent sections of the Internal Revenue Code are set forth in the margin.[1]

Petitioner's position is that the payment in the amount of $859.50 which it received from the Illinois Farm Supply Company on October

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

    \*        \*        \*        \*        \*

    (b) DIVIDENDS RECEIVED.—An amount equal to the sum of—

        (1) IN GENERAL.—85 per centum of the amount received as dividends  \*  \*  \* from a domestic corporation which is subject to taxation under this chapter.

SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS.

Except as provided in paragraph 12 (b) and in supplement U, the following organizations shall be exempt from taxation under this chapter—

    \*        \*        \*        \*        \*        \*        \*

    (12). (A) Farmers', fruit growers', or like associations organized and operated on a cooperative basis (a) for the purpose of marketing the products of members or other producers, and turning back to them the proceeds of sales, less the necessary marketing expenses, on the basis of either the quantity or the value of the products furnished by them, or (b) for the purpose of purchasing supplies and equipment for the use of members or other persons, and turning over such supplies and equipment to them at actual cost, plus necessary expenses. Exemption shall not be denied any such association because it has capital stock, if the dividend rate of such stock is fixed at not to exceed the legal rate of interest in the State of incorporation or 8 per centum per annum, whichever is greater, on the value of the consideration for which the stock was issued, and if substantially all such stock (other than nonvoting preferred stock, the owners of which are not entitled or permitted to participate, directly or indirectly, in the profits of the association, upon dissolution or otherwise, beyond the fixed dividends) is owned by producers who market their products or purchase their supplies and equipment through the association; nor shall exemption be denied any such association because there is accumulated and maintained by it a reserve required by State law or a reasonable reserve for any necessary purpose.  \*  \*  \*

SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

    (a) DEFINITION OF DIVIDEND.—The term "dividend" when used in this chapter (except in section 201 (c) (5), section 204 (c) (11) and section 207 (a) (2) and (b) (3) (where the reference is to dividends of insurance companies paid to policy holders)) means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made.  \*  \*  \*

1, 1947, was a dividend received from a domestic corporation which at that time was subject to taxation and therefore under section 26 (b) of the Internal Revenue Code it is entitled to an 85 per cent dividends received credit. Respondent contends that petitioner is not entitled to such credit on the grounds (1) that the distribution made by the Illinois Farm Supply Company was not a dividend within the meaning of sections 115 and 26 (b) of the Internal Revenue Code but "necessary operating expenses," (2) that the distribution was made by a corporation which at the time of the distribution was exempt from taxation, and (3) that to apply section 26 (b) to a distribution made out of earnings upon which no tax has been paid would violate the spirit and intent of Congress when it passed section 26 (b).

We see no merit in respondent's first contention. The disbursement to its preferred stockholders was made out of the earnings or profits of the Illinois Farm Supply Company and section 101 (12), which allows exemption to agricultural cooperatives, specifically refers to payments made to the owners of capital stock of such corporations as dividends.

We think, however, respondent's disallowance of the credit claimed must be sustained for the following reasons. The Illinois Farm Supply Company was an agricultural cooperative clearly exempt from taxation under section 101 (12) of the Internal Revenue Code for the period from August 31, 1934, to August 31, 1947. In his rulings dated April 26, 1939, and January 31, 1946, advising the Illinois Farm Supply Company of its exempt status the Commissioner of Internal Revenue further advised it that any substantial change in its organization or method of operation would make it necessary that returns be filed. There is no evidence in the record as to just when the Illinois Farm Supply Company changed its method of operation so as to subject it to taxation. The first information of such a change is contained in a memorandum attached to its Federal corporation income tax return filed for the fiscal year ended August 31, 1948, wherein it stated that "as a result of changes in its method of operation *subsequent* to August 31, 1947, the company does not seek exemption under section 101, paragraph 12, for the fiscal year ended August 31, 1948, and accordingly an income tax return on form 1120 is filed herewith." [2] [Emphasis supplied.] Insofar as the record discloses therefore the Illinois Farm Supply Company was a domestic corporation exempt from taxation under section 101 (12) of the Internal Revenue Code at all times from July 30, 1947, the date when the dividends involved herein were declared, and October 1, 1947, when petitioner received its proportionate share of such dividends. The fact that the Illinois Farm Supply Company sought

[2] In his claim for refund filed April 13, 1948, petitioner stated that the Illinois Farm Supply Company was a domestic corporation taxable under Chapter One of the Internal Revenue Code but gave no basis therefor.

no exemption for any part of its fiscal year ended August 31, 1948, does not establish otherwise. Moreover, had such a change in its method of operation occurred prior to October 31, 1947, it would appear that petitioner, being a member cooperative and shareholder of the Illinois Farm Supply Company authorized by its bylaws to consider and pass upon questions of policy, would have known of such changes and would not have included the dividends received by it from Illinois Farm Supply Company as taxable income in its return filed for the fiscal year ended October 31, 1947. Petitioner has accordingly failed to establish its entitlement to the dividends received credit provided by section 26 (b) (1) of the Internal Revenue Code.

There is a more impelling reason, however, for sustaining respondent's disallowance of the claim for dividends received credit herein. Section 26 (b) (1) provides for a dividends received credit, in the case of a corporation, in an amount equal to the sum of "85 per centum of the amount received as dividends * * * from a domestic corporation which is subject to taxation under this Chapter." Under petitioner's contention the status of the Illinois Farm Supply Company on the date the dividend paid by it was received by petitioner is controlling. We think, however, that the status of the Illinois Farm Supply Company on the date the dividend was declared and became a definite liability of the corporation is determinative of petitioner's right to a dividends received credit. In other words it is the nature and character of the dividend, not the date it was received, which is important. This conclusion is inescapable when the purpose of the provision is considered. The purpose of section 26 (b) (1) is to eliminate double taxation on intercorporate dividends. This is clearly shown by the report of the Ways and Means Committee of the House of Representatives with respect to section 23 (P) (1) of the Revenue Act of 1932, H. Rept. No. 708, 72d Cong., 1st Sess., 1939–1 C. B. (Part 2) 465, and by the report of the Committee on Finance of the Senate, S. Rept. No. 665, 72d Cong., 1st Sess., 1939–1 C. B. (Part 2) 508, wherein, in identical language, it is stated:

SECTION 23 (P) 1. DIVIDENDS RECEIVED BY A CORPORATION FROM AN EXEMPT CORPORATION.

Dividends received by a corporation are allowed as a deduction in computing the net income of a corporation, upon the theory that a corporate tax has already been paid upon the earnings out of which the dividends are distributed. Where, however, the distributing corporation is exempt from tax, there is no reason why the dividends should be deducted from the gross income of the stockholder corporation. Accordingly, the law has been changed to deny the deduction in such a case.

The dividends involved herein were declared by the Illinois Farm Supply Company out of its earnings received prior to the close of its fiscal year ended August 31, 1947, as to which earnings it had filed no

Federal corporation tax return and paid no tax by reason of its exempt status under section 101 (12) of the Internal Revenue Code. Nor has the Illinois Farm Supply Company ever paid any Federal income tax on the $75,600.26 distributed to its preferred stockholders, including the $859.50 received by the petitioner. The dividend involved herein is accordingly not a dividend received from a domestic corporation subject to taxation within the meaning of section 26 (b) (1) of the Internal Revenue Code.

It is accordingly held that the respondent did not err in disallowing petitioner's claim for a dividends received credit under section 26 (b) of the Internal Revenue Code for the taxable year involved herein.

*Decision will be entered for respondent.*